IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW LISIECKI,               )        C.A. No.
                               )
          Plaintiff,           )
                               )
     v.                        )        Jury Trial Demanded
                               )
NORTH HUNTINGDON TOWNSHIP,     )
DAVID HEROLD, TONY MARTINO,    )
DARRYL BERTANI, and MICHAEL    )
FACCENDA, JR.,                 )
                               )
          Defendants.          )

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff ANDREW LISIECKI, by and through his attorney, TIMOTHY P. O'BRIEN and the LAW OFFICES OF TIMOTHY P. O'BRIEN and submits the following Complaint in Civil Action, and in support thereof avers as follows:

## FED. R. CIV. P.8 SUMMARY STATEMENT OF PLAINTIFF'S CLAIMS

1.      This action is brought on behalf of Andrew Lisiecki, contending that his employment as the North Huntington Township Chief of Police was terminated by the Defendants on account of protected first amendment activity, including in retaliation for providing sworn truthful testimony against a subordinate police officer who was fired for gross misconduct and with whom the Defendants were allied and/or were otherwise personal friends. This lawsuit also contends that the termination of Plaintiff's employment violated the Plaintiff's 14th amendment right to substantive and procedural due process of law by depriving him of a protected liberty interest in his reputation and his protected

1

property interest in the Chief of Police position. This property interest as defined under applicable state law which prohibited the termination of the employment of a police chief except for enumerated reasons--none of which applied or were even asserted-- and then only after notice of such charges and an opportunity to be heard, neither of which was afforded to the Plaintiff.  The violation of the Plaintiff's fundamental constitutional rights as set forth in this Complaint are made actionable against the Defendants pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. Subsec. 1983;

## JURISDICTION

2.    This Court's jurisdiction over the Plaintiff's claims is premised upon 28 U.S.C. 1331 providing for federal question jurisdiction over claims in excess of $75,000, and pursuant to 28 U.S.C. 1343 (3) & (4), providing jurisdiction over claims asserting the violation of a citizen's constitutional rights, to include claims for damages and/or equitable relief;

## PARTIES

3.    Plaintiff Andrew Lisiecki is an adult individual residing in Allegheny County, Commonwealth of Pennsylvania,

4.    Andrew Lisiecki was employed from May, 2012 through September, 2016 as the North Huntington Township Chief of Police,

5.    Prior to his employment with North Huntington, Plaintiff Lisiecki, served as a City of Pittsburgh police officer for 25 years, working his way up through the ranks, attaining the rank of Lieutenant before retiring, *who* then served for 3 years as the Chief of Police for the Borough of Green Tree; Chief Lisiecki  has a Bachelor of Science Degree

2

in Criminal Justice, Law Enforcement and Master of Science in Criminal Justice Administration ;

6.      At all times relevant, Chief Lisiecki performed the duties and responsibilities as the North Huntington Township Chief of Police in accordance with the highest professional law-enforcement standards;

7.      Defendant North Huntington Township is a Township of the First Class located in Westmoreland County, Commonwealth of Pennsylvania, with a principal place of business located at 11279 Center Highway, North Huntingdon PA 15642, which was authorized to, and in fact maintained and/or operated a municipal police department employing 28 full-time police officers and 6 dispatchers;

8.      At all times relevant, Defendant North Huntington Township was acting by and through its employees, who were then and there acting in accordance with the custom, policies and/or practices of North Huntington Township, and who were acting under color of state law;

9.      Defendant Tony Martino is an adult individual residing in Westmoreland County, sued in his individual capacity, who, at all times relevant, was the President of the North Huntington Board of Commissioners and/or was an elected North Huntington Township Commissioner, was a policymaker, acting in accordance with the custom, practices and/or policies of North Huntington Township, and who was acting under color of state law;

10.     At all times relevant, Defendant Martino initiated, and/or participated in, and/or acquiesced in a pattern of retaliation directed at the Plaintiff on account of Plaintiff's

protected First Amendment activity, including providing truthful testimony in judicial and/or quasi-judicial proceedings, this retaliation culminating in the termination of the Plaintiff's employment as North Huntington's Chief of Police;

11.     Defendant David Herold is an adult individual residing in Westmoreland County, sued in his individual capacity who, at all times relevant, was the Vice-President of the North Huntington Board of Commissioners and/or was an elected North Huntington Township Commissioner, was a policymaker, acting in accordance with the custom, practices and/or policies of North Huntington, and who was acting under color of state law;

12.     At all times relevant, Defendant Herold initiated, and/or participated in, and/or acquiesced in a pattern of retaliation directed at the Plaintiff on account of Plaintiff's protected First Amendment activity, including providing truthful testimony in judicial and/or quasi-judicial proceedings, this retaliation culminating in the termination of the Plaintiff's employment as North Huntington's Chief of Police;

13.     Defendant Darryl Bertani is an adult individual residing in Westmoreland County, sued in his individual capacity who was an elected North Huntington Township Commissioner, was a policymaker, was acting in accordance with the custom, practices and/or policies of North Huntington, and who was acting under color of state law;

14.     At all times relevant, Defendant Bertani initiated, and/or participated in, and/or acquiesced in a pattern of retaliation directed at the Plaintiff on account of Plaintiff's protected First Amendment activity, including providing truthful testimony in judicial and/or

quasi-judicial proceedings, this retaliation culminating in the termination of the Plaintiff's employment as North Huntington's chief of police;

15.     Defendant Michael Faccenda, Jr., is an adult individual residing in Westmoreland County, sued in his individual capacity who, at all times relevant, was an elected North Huntington Township Commissioner, was a policymaker, acting in accordance with the custom, practices and/or policies of North Huntington, and who was acting under color of state law;

16.     At all times relevant, Defendant Faccenda initiated, and/or participated in, and/or acquiesced in a pattern of retaliation directed at the Plaintiff on account of Plaintiff's protected First Amendment activity, including providing truthful testimony in judicial and/or quasi-judicial proceedings, this retaliation culminating in the termination of the Plaintiff's employment as North Huntington's Chief of Police;

## FACTUAL ALLEGATIONS

17.     On or about May, 2012 Plaintiff was hired as North Huntington's Chief of Police; the selection process for the Chief's position involved extensive written and oral testing and included approximately 50 candidates for the position; Plaintiff was interviewed twice before he was hired.  Then President of the Board of Commissioners, Lee Moffatt stated, "Lisiecki's diverse background of city and municipal police work made him a stand-out candidate. He was a great candidate, he met everything we needed. I think the public will be happy with him."

18.     North Huntington Township police officer William Sombo was initially a candidate for the Chief's position but was determined ineligible by the hired consulting firm due to questions concerning his educational background;

19.   The vote of the Board of Commissioners was 5-2 in favor of Plaintiff; Herold, voted against the Plaintiff;

20.     At various times after Plaintiff became Chief of Police, officer Sombo was disciplined, including but not limited to, for the use of excessive force, insubordination, conduct unbecoming, and other related instances of misconduct;

21.     At various times, including from July through October 2013 after Plaintiff disciplined Sombo, defendants Martino and Herold initiated several unwarranted investigations against the Plaintiff in an attempt to discredit him and undermine his authority;

22.     On or about October 19, 2013, Defendant Herold was arrested and handcuffed by North Huntington police officer Kettren, when such officer was called to the scene of a fight and observed Herold make what Kettren believed was an "aggressive" move towards one of the other combatants;

23.     At the time of the arrest, officer Kettren—who was newly hired—was unaware that the person he arrested was a North Huntington Township Commissioner;

24.     Shortly after Herold was arrested, officer Sombo arrived on the scene, removed the handcuffs from Herold, remonstrated Kettren for arresting Herold, informed Kettren that Herold was a Borough Commissioner and his boss;

6

25.     Kettren reported that Herold stated to him: "Don't you know who I am? I don't know who you think you are, but I am a Commissioner, you simpleminded fool,"

26.     After Herold's arrest, Sombo attempted to dissuade Kettren from pursuing charges against Herold, including allegedly making statements such as: "You know that …Herold sued the Township before and received a large settlement"; and "You can file charges on …Herold if you want, and see how it goes for you."

27.     Kettren notified Chief Lisiecki of Sombo's conduct and that he believed Sombo was giving Herold preferential treatment and that Kettren feared losing his job, and considered resigning due to the pressure put on him by Sombo;

28.     Although Kettren wanted to file more serious charges against Herold, based upon the recommendation of the District Attorney of Westmoreland County, Herold was charged with a summary disorderly conduct and subsequently acquitted of those charges;

29.     Defendant Herold then demanded that an investigation be conducted into the charges filed against him, falsely claiming that Chief Lisiecki improperly orchestrated the filing of those charges and covered up the fact that officer Kettren allegedly used excessive force against Herold in making the arrest;

30.     An investigation which was conducted by third-party independent investigators, who found no impropriety in connection with the charges filed against Herold, but also found that Sombo had improperly attempted to dissuade Kettren from pursuing the charges against Herold, and also found that Sombo had made false accusations against Chief Lisiecki;

31.    Based upon the investigator's findings, Plaintiff initiated disciplinary action against Officer Sombo who was suspended subject to termination and then formally terminated from his employment on or about April, 2014.

32. Sombo pursued a grievance challenging the termination of his employment, including through an Arbitration, in which evidentiary hearings were held on October 1, October 14, November 4, and November 26, 2014.  Plaintiff was present for each hearing and testified under oath;

33.    Several other North Huntington police officers also testified under oath at the Arbitration proceedings including officers Kari Bauer, David Sage, Rodney Mahinske, Kirk Youngstead, Edwin Anthony, Jay Kettren;

34.    On March 19, 2015, the Presiding Arbitrator, Ronald F. Talarico, Esquire upheld the termination of Sombo's employment stating that, "given the grievant's prior disciplinary record, his unwarranted open hostility and disdain for Chief Lisiecki, and his continued serious lack of credibility, I can find no factors to cast any doubt whatsoever upon the discipline imposed by the employer";

35.    After the termination decision was upheld, Plaintiff, on or about April, 2015 received information that Defendants Martino and Herold had prepared a "hit list" of the officers who testified against Sombo, including Chief Lisiecki;

36.    From May, 2015 through November, 2015, Defendants Herold and Martino engaged in a pattern of retaliation including unwarranted threats to discipline the Chief, making false accusations about his performance intended to undermine his authority,

initiating unwarranted investigations, asserting privately and publicly that Plaintiff should be terminated from his position as Chief of Police

37.    On or about November, 2015, a new Board of Commissioners was elected, putting control of the Board into the hands of Defendants Martino, Herold, Faccenda and Bertani;

38.    In January, 2016, Defendants Martino, Herold, Faccenda and Bertani began a more concerted effort to retaliate against the Plaintiff (and the other officers who testified against Sombo) including excessive scrutiny, making false accusations, initiating unwarranted investigations, publicly demeaning, ridiculing, and making false and defamatory statements about the Plaintiff, changes in schedule, and stating privately and in public that the Plaintiff was not competent to perform his duties as Chief of Police;

39.    At various times after January, 2016, Plaintiff was ordered by Defendants to conduct unwarranted investigations into alleged wrongdoing on the part of officers on the "hit list" who testified against Sombo at the Arbitration Hearings;

40.    In response to the orders to conduct unwarranted investigations into alleged wrongdoing on the part of officers who testified against Sombo, Plaintiff informed Defendants Martino and Herold that such investigations likely violated the Collective Bargaining Agreement and/or were otherwise unlawfully discriminatory.  Plaintiff was nevertheless, instructed to proceed with the investigations;

41.    In March, 2016, Plaintiff attended a public Board of Commissioners meeting where Commissioner Faccenda called the Plaintiff a liar and Herold stated the Chief was a professional liar.

42.     In April, 2016, Plaintiff attended the public Board of Commissioners meeting where he was called a liar by Faccenda and a professional liar by Herold.

43.     In May, 2016 when Plaintiff declared his intent to return to work after a non-work-related injury, he was ordered to undergo a drug test, even though other officers with similar injuries who were off work longer than the Plaintiff, were not similarly required to undergo such pre-return to work drug testing;

44.     At the June, 2016 public Board of Commissioners' meeting, Defendant Herold stated publicly that he intended to fire the Plaintiff;

45.     At the September, 2016 public Board of Commissioners' meeting, without any formal advance notice to the Plaintiff, the Board of Commissioners, on a 4 to 3 vote, voted to terminate Plaintiff's employment as the North Huntington Township Chief of Police;

46.     Defendants Martino, Herold, Faccenda and Bertani voted in favor of the decision to terminate Plaintiff's employment as the North Huntington Township Chief of Police;

47.     After the September, 2016 meeting, Defendants Martino, Herold and Faccenda were observed in the Borough parking lot speaking to Sombo, where Faccenda is reported to have stated "what goes around comes around, ain't life a bitch, we got him";

48.     In the September 23, 2016 correspondence to Lisiecki from Defendant North Huntington Township's Manager, Plaintiff was notified that the Board of Commissioners terminated his employment as the North Huntington Chief of Police for "no specific reason". (a copy of the correspondence is attached as Exhibit 1);

49.     As a direct result of the Defendants' conduct hereinbefore described, Plaintiff has suffered lost wages, benefits, and other remuneration, and will continue to sustain such losses into the future;

50.     As a direct result of the Defendants' conduct hereinbefore described, Plaintiff has suffered emotional distress, embarrassment, humiliation, and damage to his reputation;

## CAUSES OF ACTION

### Lisiecki V. Martino, Herold, Faccenda, Bertani
### First Amendment

51.     Plaintiff incorporates by reference paragraphs 1 through 50 as if set forth at length herein;

52.     Plaintiff's conduct of testifying truthfully in judicial and/or quasi-judicial proceedings was protected activity under the first amendment to the United States Constitution;

53.     All times relevant, Defendants' retaliation against Plaintiff for testifying truthfully in a judicial proceeding violated Plaintiff's rights under the first amendment to the United States Constitution;

WHEREFORE, Plaintiff requests judgment in his favor in a sum in excess of $75,000, including compensatory and/or punitive damages and such other relief, including appropriate equitable relief, as the Court deems appropriate under the circumstances; and to also award the Plaintiff costs and attorney's fees;

## Lisiecki V. North Huntington Township

### First Amendment/14th Amendment-Substantive Due Process;

54.     Plaintiff incorporates by reference paragraphs 1 through 53 as if set forth at length herein;

55.     At all times relevant, Defendants Martino, Herold, Faccenda, and Bertani, in their capacities as Commissioners on the North Huntington Township Board of Commissioners, were official policymakers for the Defendant North Huntington Township;

56.     At all times relevant, it was the North Huntington Township policy, practice, and/or custom to retaliate against Township employees who testified truthfully in judicial and/or quasi-judicial proceedings when such testimony was opposed and/or disfavored, by the Township's Board of Commissioners and/or a majority of such Commissioners;

57.     At all times relevant, North Huntington Township knew of, approved, acquiesced in the policy, practice and custom of retaliating against Township employees who testified truthfully in judicial and/or quasi-judicial proceedings when such testimony was opposed, and/or disfavored by the Township's Board of Commissioners and/or majority of such Commissioners;

58.     North Huntington's retaliation policy, practice, custom violated the Plaintiffs' rights under the first amendment and/or 14th amendment substantive due process clause;

WHEREFORE Plaintiff requests judgment in his favor in a sum in excess of $75,000, including compensatory damages, appropriate equitable relief and the award of costs and attorney's fees;

## Lisiecki V. North Huntington Township

## 14th Amendment Procedural Due Process

59.     Plaintiff incorporates by reference paragraphs 1 through 58 as if set forth at length herein;

60.     At all times relevant, Plaintiff had a protected property interest in his position as the North Huntington Township Chief of Police as defined under applicable state law;

61.     In accordance with the Pennsylvania First Class Township Code any member of the police department employed by a Township of the First Class can only be terminated for cause for enumerated reasons and then only after notice of the charges and an opportunity to be heard;

62.     At all times relevant, Plaintiff was not terminated for cause, nor was there any basis to believe that cause existed to terminate Plaintiff's employment as Chief of Police for any of the enumerated reasons set forth in the Pennsylvania First Class Township Code, nor was he provided with any notice of such charges and/or an opportunity to be heard;

WHEREFORE, Plaintiff requests judgment against North Huntington Township for compensatory damages in a sum in excess of $75,000, appropriate equitable relief, and the award of costs and attorney's fees;

## Lisiecki V. Martino, Herold,Faccenda, Bertani, North Huntington Township

## 14th Amendment Stigma Plus Damage To Reputation Claim

63.     Plaintiff incorporates by reference paragraphs 1 through 62 as if set forth at length herein;

64.     At various times, including from January 1, 2016 through September, 2016, Defendants Martino, Herold, Faccenda, and Bertani made false and defamatory statements regarding the Plaintiff, including but not limited to calling him a "liar" and a "professional liar", asserting that he was incompetent, claiming that he abused his authority as the Chief of Police, and other similar statements designed to stigmatize Plaintiff as unfit and/or incompetent to serve as the North Huntington Township Chief of Police;

65.     At all times relevant, the statements made by Defendants Martino, Herold, Faccenda and Bertani were false;

66.     At all times relevant, the statements made by Defendants Martino, Herold, Faccenda and Bertani were made in their capacities as policymakers of the Defendant North Huntington Township;

67.     As a direct result of the false accusations made by the Defendants against Plaintiff, Defendants have blackened Plaintiff's name and reputation, thus depriving him of liberty without due process of law;

68.     At all times relevant, the false and defamatory statements made by the Defendants were part and parcel of the campaign to terminate the Plaintiff's employment as the North Huntington Township Chief of Police culminating in the termination of that employment in September, 2016;

WHEREFORE, Plaintiff requests judgment in his favor in a sum in excess of $75,000, including compensatory and/or punitive damages against the individually named

Defendants, compensatory damages against the municipal Defendant, such equitable relief as the Court deems appropriate, and the award of costs and attorney's fees.

Respectfully submitted:

/s/ Timothy P. O'Brien
PA ID# 22104

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff